IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-55,135-02






EX PARTE WILBERT LEE WILLIAMS, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 620320-B IN THE 209TH DISTRICT COURT

FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
Burglary of a Building and sentenced to 20 years' imprisonment. There was no direct appeal.

 Applicant alleges that TDCJ is not giving him proper credit on his sentence. Citing
to Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App. 1988), which states, "[A]ny time
spent in confinement pursuant to the execution of a pre-revocation warrant cannot be denied
a parolee," 754 S.W.2d at 668, Applicant argues that he is being denied flat time for time
spent in jail after a January 2005 parole pre-revocation warrant was issued for his arrest. He
states that he was arrested on another offense on March 12, 2005, while the pre-revocation
warrant was active, and that the warrant remained active until his eventual revocation on or
about May 9, 2005. Applicant properly exhausted his administrative remedies with the TDCJ
through its time-dispute resolution system, see Tex. Gov't Code § 501.0081, and since
filing the writ Application, Applicant was released to mandatory supervision. However, the
flat-time issue is not mooted by this supervised release because, if Applicant is entitled to the
requested relief and it is granted, the eventual discharge date on his sentence would change.

 A TDCJ classifications representative filed an affidavit that is in the writ record
provided to this Court. The affiant states that the pre-revocation warrant issued on January
24, 2005, and that the arrest date was originally listed in TDCJ records as March 12, 2005.
This arrest date was later changed to May 10, 2005. The reason for the change is not
elaborated upon, however. In a separate affidavit, also in the writ record before this Court,
a TDCJ parole division representative indicates that Applicant was interviewed by parole
division officials and waived a revocation hearing on May 3, 2005, a week before TDCJ
indicates Applicant was arrested. This fact suggests that the change in arrest dates may not
be correct.

 Applicant has alleged facts that, if true, might entitle him to relief. See Ex parte
Canada, 754 S.W.2d at 668. In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall make further findings regarding
the validity of Applicant's Ex parte Canada time-credit claim, including findings regarding
TDCJ's reason for changing the arrest date from March 12, 2005, to May 10, 2005, and
findings regarding whether Applicant is entitled to the time-credit in dispute. The trial court
shall also make any other findings of fact that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d), and in the appropriate case, the trial court may rely on its personal recollection. Id. If
the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint
an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 


Filed: May 25, 2011

Do not publish